IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JERRI STOLTENBERG,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV288 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA d/b/a UNUMPROVIDENT CORPORATION,** | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the plaintiff's Motion to Compel Discovery (Filing No. 71). The motion states the plaintiff's counsel made an unsuccessful attempt to resolve the discovery dispute, without the showing required by NECivR 7.1(i).

NECivR 7.1(i) states:

> To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after **personal consultation** with counsel for opposing parties and **sincere attempts** to resolve differences, they are unable to reach an accord. This showing shall also recite the **date, time and place of such conference** and the **names of all persons** participating in them.

**See** NECivR 7.1(i) (emphasis added); **see also** NECivR 7.1(i)(1) (defining personal consultation). Specifically, the plaintiff states, "Pursuant to NELR [sic] 7.1(i), the undersigned certifies that counsel for Plaintiffs [sic] made the requisite good-faith attempt to resolve this dispute via telephone message to defense counsel." **See** Filing No. 71, p. 18. Assuming *arguendo*, the plaintiff's "certification" were in compliance with the local rules, leaving a single telephone message does not constitute personal consultation or a sincere attempt to resolve the discovery difference. Neither the plaintiff's brief, nor counsel's affidavit contain any showing of compliance with the personal consultation

requirement. Since the plaintiff failed to show compliance with the personal consultation requirement, the motion will be held in abeyance pending such a showing. Accordingly,

**IT IS ORDERED:**

1. The plaintiff's Motion to Compel Discovery (Filing No. 71) is held in abeyance pending compliance with NECivR 7.1(i).

2. The plaintiff shall have to **on or before May 13, 2005**, to file a written showing of his compliance with NECivR 7.1(i), otherwise the motion will be deemed abandoned and denied.

3. The defendant shall have ten days from the plaintiff's compliance with NECivR 7.1 to respond to the motion.

DATED this 3rd day of May, 2005.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

2