## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JERI LYNN STOLTENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV288 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNUM LIFE INSURANCE COMPANY OF | ) | |
| AMERICA d/b/a | ) | |
| UNUMPROVIDENT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion for Leave to Perform Independent Medical Examination (Filing No. 113). The defendant filed a brief (Filing No. 114), a reply brief (Filing No. 120) and an index of evidence (Filing No. 115) in support of the motion. The plaintiff filed a brief (Filing No. 118) and an index of evidence (Filing No. 119) in opposition to the motion.

## BACKGROUND

The plaintiff worked for the University of Nebraska Medical Center, College of Nursing, in Scottsbluff, Nebraska, from August 1990 until February 2003. The defendant issued to the University of Nebraska Board of Regents a disability insurance policy on behalf of the plaintiff on January 1, 1999. The plaintiff alleges she became disabled on or about May 31, 2002, during the pendency of the policy, and remains disabled to the present time. In October 2002, the plaintiff applied for disability benefits pursuant to such policy. The defendant denied her application for benefits. The plaintiff filed a claim for breach of contract and bad faith for her allegedly wrongly-denied benefits. **See** Filing No. 49.[1]

The defendant seeks to conduct an examination of the plaintiff pursuant to Federal rule of Civil Procedure 35 on March 17, 2006, by Carl Greiner, M.D. in Scottsbluff, Nebraska. Further, the defendant seeks to conduct a four-hour examination including both

---

[1] The court dismissed the plaintiff's prayer for punitive damages. **See** Filing No. 86. Additionally, the issue of bad faith has been bifurcated for trial and discovery for such claim stayed. **See** Filing No. 106.

a personal interview and a written psychiatric evaluation.  The defendant seeks to audio record the examination and to exclude everyone from the examination except the examining physician and the plaintiff, herself.  In addition to seeking the examination under Rule 35, the defendant relies on terms of the underlying disability insurance policy.  **See** Filing No. 115 Davidson Affidavit Exhibit D.

The plaintiff objects to the examination.  The plaintiff contends the plaintiff's mental condition is not "in controversy" relevant to the breach of contract claim.  Specifically, the plaintiff states the defendant denied the plaintiff's disability claim based on physical chronic pain, rather than a claim related to mental health.  Alternatively, the plaintiff argues the defendant has designated an unsuitable examiner due to the proposed examiner's qualifications in psychiatry rather than the physical symptoms.  The plaintiff does not otherwise contest the defendant's proposed manner of examination.

The defendant contends the plaintiff's mental condition is in controversy as reflected in the Third Amended Complaint, which states:

> On or about May 31, 2002 while policy No. 501193 001 was in full force and effect, JERI LYNN became physically unable to perform the material and substantial duties of her regular occupation due to medically diagnosed conditions, including, but not limited to chronic, severe pain syndrome that includes headaches and neck pain, as well as frequent migraines, as well as psychological conditions.  These sicknesses require medications with narcotics that when taken, sedate JERI LYNN to the point that prevent JERI LYNN from working in any capacity, rendering her disabled.  JERI LYNN has remained continuously totally disabled from May 31, 2002 until the present time.

**See** Filing No. 49 ¶ 10 (emphasis added).  In connection with the plaintiff's claims, the defendant denies the plaintiff was disabled as defined under the disability insurance policy.  Additionally, the defendant states the plaintiff intends to present expert testimony in support of her claim a disability exists including physicians, a psychiatrist and a psychologist.  **See, e.g.,** Filing No. 115 Davidson Affidavit Exhibits B & C.  Accordingly, the defendant argues the plaintiff has placed her mental condition in controversy and good cause exists for the Rule 35 examination.

## ANALYSIS

Federal Rule of Civil Procedure 35 provides:

> When the mental or physical condition . . . of a party . . ., is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . .   The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The Supreme Court held the party requesting a mental or physical examination is required to make an affirmative showing "that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).  Such a showing cannot be made with mere conclusory allegations of the pleadings nor with a claim of mere relevance, but the movant must provide sufficient evidentiary materials. *Id.* at 18-19; **see** *Peters v. Nelson*, 153 F.R.D. 635, 537 (N.D. Iowa 1994).  "'Good cause' requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere." *Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199, 200 (E.D. Tex. 1996) (**citing** *Schlagenhauf*).  Where the defendant has access to the medical reports, information and opinions of the plaintiff's doctor, good cause may not be shown.  **See** *Stanislawski v. Upper River Servs. Inc.*, 134 F.R.D. 260, 262 (D. Minn. 1991) (movant lacked good cause when supplied with ample material upon which expert witness could base opinion without examination).  However, "[o]nly if no additional relevant information could be gained by an examination of [the plaintiff] should the motion for a psychiatric examination be denied." *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 25 (D. Conn. 1994).  Additionally, "[t]he testimony of an expert is a well recognized and reasonable way of [challenging the plaintiff's claims], and an examination of plaintiff by that expert is necessary for the expert to form a meaningful opinion." *Ali v. Wang Labs., Inc.*, 162 F.R.D. 165, 168 (M.D. Fla. 1995).

While the allegations in a complaint may provide good cause for a mental examination, evidence discovered based on the allegations may also provide good cause. See *Cabana v. Forcier*, 200 F.R.D. 9, 12 (D. Mass. 2001). In *Cabana*, the plaintiff alleged physical injuries due to the exposure of hazardous waste. *Id.* at 11. Further, the plaintiff's clinical neuropsychologist diagnosed him with "multiple chemical sensitivity" and "cognitive deficits and depression" as a result of his exposure to hazardous waste while working for the defendants. *Id.* The *Cabana* court held that although the complaint's allegations "do not expressly place Cabana's mental condition 'in controversy', the report of his neuropsychologist clearly does."

Here the allegations of the complaint specifically place the plaintiff's psychological condition at issue. Additionally, reports by various doctors have also placed the condition at issue. **See, e.g.,** Filing No. 115 Davidson Affidavit Exhibits B & C; Filing No. 119 Exhibit 1, Dr. Andrews Deposition at 42, 44 and attached Exhibit 84 (Dr. Andrews includes an opinion of "temporary disability secondary to predominantly psychologic problems related to her chronic pain" and stated "I don't think her pain changed that much. I think her psychological status changed significantly."). Based upon the pleadings in this case and the doctors' reports, the court concludes the defendant has shown the plaintiff has placed her mental health at issue in the instant litigation and good cause exists for an independent psychological examination. Additionally, the defendant has complied with Fed. R. Civ. P. 35 by giving the plaintiff notice of the time, place, manner and scope of the examination, as well as the examiner. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion for Leave to Perform Independent Medical Examination (Filing No. 113) is granted.

DATED this 23rd day of February, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

4