**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **JERI LYNN STOLTENBERG,**<br><br>　　　　**Plaintiff,**<br><br>**v.**<br><br>**UNUM LIFE INSURANCE COMPANY OF AMERICA d/b/a UNUMPROVIDENT CORPORATION,**<br><br>　　　　**Defendant.** | **Case No.:  8:04CV288**<br><br><br>**PROTECTIVE ORDER** |

　　　　1.　　APPLICATION.  This Protective order limits the use or disclosure of documents produced by Unum in response to Plaintiff's Interrogatories and Requests for Production of Document to Defendant (Fifth Set), and related deposition testimony or other related discovery designated as "Confidential", including:  (a) documents and deposition testimony designated to be subject to this Protective order as set forth below; (b) information, copies, extracts, and complete or partial summaries of documents or deposition testimony so designated; (c) answers to interrogatories, responses to requests for admissions, responses to requests for production, and initial disclosures (and exhibits to any of these materials) which are designated by any party as "Confidential" under this order; and (d) portions of briefs, affidavits, memoranda, or any other writing filed with the Court (and exhibits thereto) which include any materials or information identified in (a), (b), or (c) of this paragraph.

　　　　2.　　CONFIDENTIAL DOCUMENTS.  Unum may identify as "Confidential" or so designate by written notice with reference to the applicable Bates numbers, any document it believes contains confidential or proprietary business information and/or trade secrets produced in response to Plaintiff's Interrogatories and Request for Production of Documents to Defendant (Fifth Set).  Further dissemination and disclosure of documents designated as "Confidential" and the information in documents so designated shall be limited as set forth in this Protective Order.

　　　　3.　　EFFECT OF CONFIDENTIAL DESIGNATION.  Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will

be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

    a.    Counsel who have signed this Order approving it as to form and content, attorneys who are employed or are members of the law firms of counsel who have signed this Order, retained outside counsel, in-house counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation;

    b.    Individual parties, and officers, directors, employees and agents of corporate parties;

    c.    Experts and consultants retained by either of the parties for purposes of assisting in the preparation or presentation of claims or defenses;

    d.    Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness;

    e.    Any person who was involved in the preparation of the document;

    f.    Court, court personnel, court reporters and similar personnel; and

    g.    Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (c), (d), and (e) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order.  Any party asserting confidentiality of any of its documents during a deposition shall ask the deponent on the record to agree to the terms of this Protective order.  If the deponent refuses to agree, the documents may still be disclosed during deposition and that disclosure shall not constitute a waiver of confidentiality protections provided by this Protective Order.  A witness who does not agree to be bound by the terms of this Protective order shall sign the original deposition transcript in the presence of the court reporter and shall not be permitted to obtain a copy of the transcript or exhibits of the deposition.

    4.    <u>EXPERT WITNESSES</u>.  Each expert or consultant who is expected to be called as a witness at trial and to whom a party plans to disclose "Confidential" information shall agree to be bound by the terms of this Protective Order.  In the event

that a party retains an expert who is employed by or affiliated with an entity that competes with the adverse party, that retaining party shall provide the adverse party with 10 days notice prior to granting the expert access to any "Confidential" information.

     5.    CHALLENGE TO DESIGNATION.  Any party may challenge the "Confidential" designation of any document or other discovery material subject to this Protective order by notifying all parties of the fact that it is challenging the designation and providing the designating party not less than ten (10) days' notice before moving for an order compelling disclosure.  The parties shall attempt to resolve such disagreements before submitting them to the Court.

     6.    FILING DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION. Any party filing a document with the Court that contains information or materials that have been deemed "Confidential" shall file that document under seal, in accordance with the rules and procedures provided for under local practice.

     7.    RETURN OF DOCUMENTS.  After this litigation (including all appeals) is finally resolved, the parties shall destroy or return to the producing party all documents and/or other materials containing information deemed "Confidential" that were obtained during the course of pretrial discovery or at trial, including all copies of such documents. The party destroying or returning the documents shall provide to counsel for the producing party a sworn affidavit attesting to such disposition.  This Protective Order shall remain in full force and effect after the final resolution of this litigation.

     8.    USE OF DOCUMENTS BY PRODUCING PARTIES.  Nothing in this Protective Order shall limit any party or person in its use of its own documents, or from disclosing its own documents and information, or from any use of documents or other discovery not designated as "Confidential".

     9.    EFFECT OF PRODUCTION.  Neither the designation of any documents as "Confidential" pursuant to this Protective Order nor the production of such documents in discovery shall be deemed a waiver of any objection to the admissibility of such documents or their contents at trial.

     10.    EXCEPTIONS.  This Protective Order shall be binding on any party to whom any material designated as "Confidential" is disclosed absent a showing that the material has become public knowledge without a breach of this Protective Order.

11. <u>APPLICATION TO COURT</u>. Any interested party may apply for a court order seeking any additional disclosure or modifying or limiting this Order in any respect.

12. <u>WAIVER</u>. A party's waiver of any rights under this Protective order must be made in writing or, if at a deposition or in Court, on the record. A waiver not expressly made general shall be deemed limited to the narrow purpose of the circumstances involved and shall not otherwise waive any of the rights provided by this Protective Order.

13. <u>NON-EXCLUSIVITY</u>. All ethical, legal, and equitable rights and obligations not addressed in this Protective Order remain in force.

SO ORDERED this 29th day of September, 2006.

             BY THE COURT:

             s/Thomas D. Thalken
             United States Magistrate Judge

Approved and Agreed:

JERI LYNN STOLTENBERG, Plaintiff

By: s/Maren L. Chaloupka
  Maren L. Chaloupka
  Andrew W. Snyder
  Chaloupka, Holyoke, Hofmeister, Snyder & Chaloupka, LLC
  1714 Second Avenue
  P.O Box 2424
  Scottsbluff, Nebraska 69363-2424

UNUM LIFE INSURANCE COMPANY OF AMERICA
d/b/a UNUMPROVIDENT CORPORATION, Defendant.

By: s/Steven D. Davidson
  Steven D. Davidson
  BAIRD HOLM LLP
  1500 Woodmen Tower
  Omaha, Nebraska 68102-2068
  (402) 344-0500

DOCS/755275.1